**George Lee SIRMANS, Plaintiff,**
v.
**CITY OF SOUTH MIAMI et
al., Defendants.**

No. 78–1495–CIV–JAG.

United States District Court,
S. D. Florida, N. D.

April 28, 1980.

William P. Cagney, III, P.A. by Martin L. Roth, Miami, Fla., for plaintiff.

Stanley P. Gold of Gang, Tyre & Brown, Hollywood, Cal., Ronald S. Herzog of Hall, McNicol, Hamilton, Clark & Murray, New York City, Rutledge C. Clement, Jr. and Harry A. Rosenberg of Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Shamrock Broadcasting Co., Inc., Successor to Starr Broadcasting Group, Inc., plaintiff.

Stephen V. Rosin, Asst. State's Atty., Director—App. Div., Janet Reno, State's Atty., Eleventh Judicial Circuit of Florida, Miami, Fla., for movant.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE is before the Court upon the Motion to Quash Subpoena and for Protective Order of Janet Reno, State Attorney of the Eleventh Judicial Circuit of Florida.

A subpoena duces tecum for deposition was issued commanding the Custodian of Records employed in the office of the State Attorney to testify and to bring with him "Copies of any and all reports, transcripts, memoranda, and papers relating to an investigation conducted by the Office of the State Attorney of one Raymond F. Chisolm in 1975."

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "Parties may obtain discovery regarding any matter not privileged which is relevant to the subject matter in the pending action." As a threshold matter, the plaintiff must demonstrate that the information which is the subject of his subpoena duces tecum is "relevant to the subject matter . . . in the pending action."

The plaintiff, George Lee Sirmans, has filed a seven count Second Amended Complaint containing claims under the Civil Rights Acts, 42 U.S.C. §§ 1981, 1983, and 1988, as well as pendent state law claims

Sirmans alleges that on May 1, 1975, Raymond Chisolm, a detective for the City of South Miami, maliciously and without probable cause obtained a warrant for his arrest thereby causing the plaintiff to be arrested and incarcerated for approximately six months. Sirmans further alleges that Chisolm instituted, and participated in giving false and perjured testimony in the prosecution that resulted from the arrest. After trial by jury Sirmans was acquitted.[1] In his allegations against the City of South Miami, the Mayor, the City Manager, and the Chief of Police, Sirmans alleges that they knew or should have known of Chisolm's propensity to engage in such unlawful activities, and that the hiring and subsequent failure to discipline or remove Chisolm constituted an authorization of or acquiescence in Chisolm's illegal actions.

Sirmans' § 1983 claim illustrates the relevance of "reports, transcripts, memoranda, and papers relating to an investigation conducted by the Office of the State Attorney of one Raymond F. Chisolm in 1975". Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The City of South Miami cannot be liable under § 1983 based on a theory of respondeat superior. *Monell v. Department of Social Services*, 436 U.S. 658, 691–95, 98 S.Ct. 2018, 2036–38, 56 L.Ed.2d 611 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the jury that the government

---

1. *State of Florida v. George Lee Sirmans*, Case Number 75–4997, in the Criminal Division of the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County.

as an entity is responsible under § 1983." *Id.* at 694, 98 S.Ct. at 2038.

In *Reeves v. City of Jackson*, 608 F.2d 644 (5th Cir. 1979) the Court discussed several theories which would make out a § 1983 claim against a municipality under *Monell*. The § 1983 plaintiff may present "evidence that the City either tacitly or explicitly encouraged" the conduct constituting the alleged deprivation. *Id.* at 652. Similarly the § 1983 plaintiff may present evidence that the "City was reckless or grossly negligent in its training, supervising, or disciplining of the officers or jailers involved." *Id.* at 652. Proof under one of these theories would satisfy the requirement of the existence of either "(a) an official policy or custom which results in constitutional violations or (b) conduct by officials in authority evincing implicit authorization or approval or acquiescence in the unconstitutional conduct." *Popow v. City of Margate*, 476 F.Supp. 1237, 1245 (D.N.J.1979). See *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1976).

Similarly, municipal or supervisory officials cannot be liable under § 1983 based on a theory of vicarious liability. *Henzel v. Gerstein*, 608 F.2d 654, 658, (5th Cir. 1979); *Sims v. Adams*, 537 F.2d 829, 831–32 (5th Cir. 1976). To hold supervisory officials liable under § 1983, the plaintiff must demonstrate "some causal connection between an act of the official and the alleged violation." *Henzel v. Gerstein*, 608 F.2d at 658.

The investigative files which are the subject of the State Attorney's motion are "relevant to the subject matter . . . in the pending action." Fed.R.Civ.P. 26(b)(1). The information sought is not only "reasonably calculated to lead to the discovery of admissable evidence" Fed.R.Civ.P. 26(b)(1), it forms the basis of plaintiff's claim against the municipality and the individual defendants.[2]

The thrust of the State Attorney's Motion to Quash Subpoena and for Protective Order is that the materials sought are "privileged" within the meaning of 26(b)(1)

Fed.R.Civ.P. In support, the State Attorney relies on three privileges created under Florida law.

First it is argued that if the information does exist, discovery of investigative files would require disclosure of work product and would seriously impede criminal prosecutions. See *Eagan v. DeManio*, 294 So.2d 639 (Fla.1974). Second, the movant contends that the State Attorney serves as a one-man Grand Jury and in that capacity communications that are received are not available in a civil action for damages. See *Widener v. Croft*, 184 So.2d 444 (Fla. 4th DCA 1966). Finally, F.S.A., § 119.07(3)(j) provides an exemption from the disclosure provisions of § 119.07(1) for "all criminal intelligence and criminal investigative information received by a criminal justice agency prior to January 25, 1979."

■ The State Attorney's reliance on these state created privileges is misplaced. It is settled that "privilege" as used in Rule 26 means privilege as determined by the Federal Rules of Evidence. *United States v. Reynolds*, 345 U.S. 1, 6, 73 S.Ct. 528, 531, 97 L.Ed. 727 (1953). Rule 501 of the Federal Rules of Evidence provides:

Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness, person, government, State, or political subdivision thereof shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

■ Thus Rule 501 differentiates between actions involving federal question

---

2. Any claim that the City of South Miami or its Police Department was unaware of the State Attorney's investigation and that the files would therefore be irrelevant is without merit. Defendant Vizzini, acting Chief of Police, testi-

fied that a joint investigation between the Police Department and the State Attorney was initiated. (Vizzini Deposition, December 28, 1979, at 34–40).

jurisdiction and those where diversity jurisdiction applies. Since the information that is the subject of the instant motion is relevant for both the federal and the state claims the movant must rely upon a privilege developed by the federal courts and not state law privileges.

■ The applicable federal privilege for criminal investigative files provides for the protection of files relating to *ongoing* criminal investigations. *Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969); *United States v. O'Neill*, 81 F.R.D. 664, 666 (E.D.Pa.1979); *Jabara v. Kelley*, 75 F.R.D. 475, 493 (E.D.Mich.1977); *Kinoy v. Mitchell*, 67 F.R.D. 1, 11 n. 33 (S.D.N.Y.1975) and cases cited therein. In examining the applicability of the privilege the Court is mindful of the fundamental tenet of the federal discovery rules which is to provide liberal pretrial discovery. Thus the evidentiary privilege is to be narrowly construed.

■ The qualified privilege for criminal investigations permits the court to balance the interests of the litigant seeking the information against the government's interest in nondisclosure. If the litigant demonstrates that his need for the information outweighs the government's interest in maintaining secrecy, the qualified privilege is overcome. See *United States v. O'Neill*, 81 F.R.D. at 666. It has been suggested that in making this case by case determination, the court consider at least the following factors for discovery of police investigative files:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police

investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973).

The factors delineated in *Frankenhauser* although not exhaustive, are appropriate for a consideration of the privilege for the State Attorney's criminal investigative files.

■ The court does, however, recognize that some supervision of the discovery of governmental documents is needed to protect the decision making process as well as the sources of information received by the governmental unit. See *Boyd v. Gullett*, 64 F.R.D. 169, 178 (D.Md.1974). Accordingly, an *in camera* inspection of the documents sought to be protected may be ordered. As the Court said in *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976):

In light of the potential seriousness of these considerations and in light of the fact that the weight to be accorded them will inevitably vary with the nature of the specific documents in question, it would seem that an *in camera* review of the documents is a relatively costless and eminently worthwhile method to insure that the balance between petitioners' claims of irrelevance and privilege and plaintiffs' asserted need for the documents is correctly struck. Indeed, this Court has long held the view that *in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege. *Id.* at 405–06, 96 S.Ct. at 2125, footnote and citations omitted.

It is accordingly,

ORDERED AND ADJUDGED as follows:

1. That the State Attorney's Motion to Quash Subpoena Duces Tecum and for Pro-

tective Order be and the same is hereby DENIED.

2. That the Custodian of Records in the Office of the State Attorney submit to the Court within ten (10) days of the date of this Order, "Copies of any and all reports, transcripts, memoranda, and papers relating to an investigation conducted by the Office of the State Attorney of one Raymond F. Chisolm in 1975", in a sealed envelope for *in camera* inspection by the Court. The Court will thereafter make a determination of what portions, if any, of the documents may be made available to the Plaintiff and cause the remainder to be filed under seal as a part of the record in this cause. The sealed documents shall thereafter remain confidential pending appellate action or review.