**In re Application of Lance EISENBERG, Petitioner-Appellant.**

**No. 80–5525.**

United States Court of Appeals, Fifth Circuit. Unit B

Sept. 4, 1981.

---

*Id.*

Martin R. Baach, Washington, D.C., William Edward Junell, Jr., Houston, Tex., for petitioner-appellant.

Barbara L. Herwig, Katherine Gruenheck, Attys., Civil Div., Dept. of Justice, Washington, D.C., for appellee.

Before KRAVITCH and HENDERSON, Circuit Judges, and THOMAS,* District Judge.

HENDERSON, Circuit Judge:

Lance Eisenberg appeals from the refusal of the United States District Court for the Southern District of Florida to reconsider its order vacating his permission to depose an alleged government informant.

In June, 1979, Eisenberg filed a petition pursuant to Rule 27 of the Federal Rules of Civil Procedure seeking leave to depose in anticipation of litigation.[1] The subject of

---

* Judge of the Southern District of Alabama, sitting by designation.

1. The rule states:

(a) Before Action.

(1) *Petition.* A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States District Court in the district of the residence of any expected adverse party. The petition ... shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each ...."

Fed.R.Civ.P. 27(a)(1) (1971)

the deposition was to be Kenneth Guilbert, an agent of Scotland Yard assigned to the Cayman Islands, who was believed by Eisenberg to have been conducting surveillance of him at the request of the United States government. Eisenberg's amended petition[2] stated that he "expect[ed] a civil action to be commenced concerning certain financial transactions and tax strategies conducted by said petitioner on his own behalf and on behalf of his clients."[3] (Record at 18.) Eisenberg sought to elicit testimony concerning Guilbert's relationship to the United States government, including instructions and compensation he had received from it, and all documents and reports submitted by Guilbert to agencies of the United States on Eisenberg's banking and monetary transactions in the Cayman Islands. The British agent was expected to leave the Cayman Islands within several months and to establish a new residence beyond the jurisdiction of the United States courts. Because this new domicile would be potentially difficult or impossible to locate, Eisenberg contended that the evidence might be lost unless he was allowed to depose Guilbert in advance of suit.

The United States opposed Eisenberg's amended petition on grounds that it failed to satisfy the requirements of Rule 27. More specifically, the government urged that Eisenberg had failed to adequately identify the anticipated litigation and he had not established that absent the requested deposition valuable evidence would be unavailable for trial. The district court was not persuaded by the government's objections, however, and granted Eisenberg's amended petition for deposition upon the court's determination that perpetuation of Guilbert's testimony might prevent a failure or delay of justice.

On March 3, 1980, the government filed a motion for relief from the court's deposition order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The motion renewed the government's earlier contentions as to the insufficiency of Eisenberg's request and, for the first time, identified Eisenberg as the target of a pending grand jury investigation in Houston.[4] By way of reply to Eisenberg's opposition, the government further elaborated that relations of the United States with foreign countries would be harmed should Guilbert be deposed.

■ To prove its case, the United States attorney was prepared to introduce an affidavit and two *in camera* groups of documentary evidence. A formal "state secrets" privilege as to the documents was not claimed, however.[5] During the argu-

---

2. Eisenberg's original petition asserted that the anticipated action would be a Freedom of Information Act suit pursuant to 5 U.S.C. §§ 552, 552a (1978) to obtain information, records and other materials pertaining to the petitioner and others. The government attacked this petition for failure to state a claim under Rule 27, because it did not demonstrate that Eisenberg had a discrete cause of action upon which a suit could not then be filed and, without the right to preserve testimony, valuable evidence would be lost. Technical objections to the pleading's form were also made. Faced with this motion to dismiss, Eisenberg amended his petition.

3. Eisenberg is an international tax attorney.

4. Crimes for which the petitioner was being investigated included violations of 18 U.S.C. §§ 1341, 1343, 1503, 371 (1970). By affidavit, an FBI agent stationed in Houston testified that Eisenberg's name had surfaced during the gathering of information on certain oil reseller corporations under the federal RICO, mail fraud, wire fraud and other related statutes. Eisenberg was subpoenaed in connection with the investigation as early as December 11, 1979, several months after he had filed his civil discovery petition.

5. One such exception is the government's privilege against revealing state secrets of a diplomatic or military nature. Another which may be formally invoked is the federal privilege for production of documents relating to ongoing criminal investigations. *Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969); *Sirmans v. City of South Miami*, 86 F.R.D. 492, 495 (S.D.Fla., N.D.1980). Generally a privilege like the state secrets right must be formally claimed by the head of the applicable agency, specifically describe the privilege documents and state why the information is confidential. *United States v. Reynolds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953); *Halkin v. Helms*, 598 F.2d 1, 4–5 (D.C. Cir. 1978); *Sigler v. LeVan*,

ment on the motion, this evidence was examined by the court *in camera* and found to be probative of the government's allegation that foreign relations would be impaired by discovery. Eisenberg was never permitted to inspect the documents.

At the conclusion of the presentations, the court granted the government's Rule 60(b) motion and vacated and set aside the order granting the amended petition for deposition. In accordance with *Campbell v. Eastland*, 307 F.2d 478 (5th Cir.), *cert. denied*, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963), the court declared that Eisenberg's need for the deponent's information in the preparation of his civil case must be subordinated to the pending grand jury's interest in secrecy. A concern that the deposition would invade a very sensitive area of foreign relations, as well as jeopardize the FBI's foreign interests, also contributed to the court's decision. In its April 4, 1980, order, the court found as a matter of fact that the information was actually sought by Eisenberg for use in the criminal proceeding that was foreshadowed by the grand jury inquiry. Prelitigation discovery was denied for at least six months, pending the outcome of the criminal investigation. Secret documents and grand jury materials presented to the court under seal were ordered to be preserved as such until the court ordered otherwise.

Eisenberg unsuccessfully sought reconsideration of the court's ruling on April 14, 1980, on the grounds that the order (1) was improperly based on *ex parte* evidence submitted to the court *in camera* in violation of the due process clause, and (2) did not conform to the Rule 60(b) criteria. This appeal was lodged from the court's refusal to reconsider its order.

On appeal, Eisenberg again presents his basic two-point argument. His major premise is that the district court judged the merits of his discovery petition on the basis of an *in camera, ex parte* examination of secret evidence in direct violation of his fifth amendment due process rights. He cites *United States v. Dillman*, 146 F.2d 572, 574 (5th Cir. 1944), *cert. denied*, 325 U.S. 870, 65 S.Ct. 1409, 89 L.Ed. 1989 (1945), for the proposition that a full and fair hearing includes the right of each party to be apprised of all the evidence upon which the adjudication will rest, plus the right of each party to examine, explain or rebut all such evidence. Eisenberg says that *ex parte* submissions are permissible to determine the privileged nature of the submitted evidence. But he contends that such evidence cannot be used to decide whether other evidence merits discovery, in the way that the instant documents were employed to resolve the merits of his request for permission to depose.

■ Apart from this alleged constitutional error in the court's disallowance of his petition, Eisenberg insists that the judge abused his Rule 27 discretion by denying the prelitigation deposition on the basis of inapposite authority and unsupported findings. Under Rule 27, the district judge may deny discovery in anticipation of litigation if the petition fails to show that the petitioner expects to be a party to an action which he is unable to bring or cause to be brought and that without the perpetuation of the testimony a failure or delay of justice will occur. Fed.R.Civ.P. 27(a) (1966). *See Shore v. Acands, Inc.*, 644 F.2d 386 (5th Cir. 1981); *Ash v. Cort*, 512 F.2d 909 (3d Cir. 1975); *In re Boland*, 79 F.R.D. 665 (D.D.C. 1978). In this case, the district judge prohibited the deposition because he doubted the sincerity of Eisenberg's representation that the information was sought for forthcoming civil litigation. Eisenberg strongly disputes this appraisal of his motive, reminding the court that his Rule 27 petition was filed some six months before he knew

---

485 F.Supp. 185, 192 (D.Md.1980). *See* Annot., 32 A.L.R.2d 391 (1953). The government conceded that it has claimed no privilege formally, but asked to reserve the right to assert a state secrets privilege, if necessary. In this case, where discovery was sought before an action

was filed, we do not think the trial judge overstepped his bounds by considering the foreign relations aspect of the request, despite the lack of the formal assertion which would be obligatory at trial.

of the criminal investigation.[6] He submits that the conclusion has no basis of fact in the evidence and that to predicate an order on this finding constitutes an abuse of discretion. He further contests the applicability of *Campbell v. Eastland* to the present facts.

■ Our adversarial legal system generally does not tolerate *ex parte* determinations on the merits of a civil case. *Kinoy v. Mitchell*, 67 F.R.D. 1, 15 (S.D.N.Y.1975). As Eisenberg points out, the right granted a party by the due process clause to a full and fair hearing encompasses the individual's right to be aware of and refute the evidence against the merits of his case. An exception to this principle is made when countervailing government interests dictate that information sought to be discovered should remain secret. Privilege questions are determined on the basis of *in camera, ex parte* examinations of the evidence.[7] If a petitioner were permitted to participate in the debate on discoverability, he could in essence win before he loses. He might ascertain the desired information, even if the court later denied formal disclosure. Clearly, the merits of discovery requests can be addressed on the basis of an *in camera, ex parte* examination of the information likely to be discovered without offending the due process clause.

■ For purposes of Rule 27, a decision that information presented *ex parte* by documents should not be made available to the opposing party by way of deposition prior to litigation is, in effect, a ruling on discoverability, even though the information was placed before the court in a different form than that in which the opposition is likely to discover it. Essentially, the court decides that the information itself is privileged from disclosure, whether that revelation be by deposition or by document. As in the privilege cases, this weighing of the litigant's right to obtain evidence against the countervailing policies favoring nondisclosure can include an *ex parte* examination of the information sought.

■ We are influenced also by the fact that Eisenberg's request is premised on Rule 27. Due process is a flexible concept. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). The lesser the interest of which a person stands to be deprived, the fewer the procedural safeguards afforded to him by the Constitution. *Connecticut Board of Pardons v. Dumschat*, ── U.S. ──, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981). A person contemplating litigation has no absolute entitlement to early discovery under Rule 27. Moreover, the refusal to permit discovery prior to the institution of a suit is a ruling with only temporary application. The petitioner is free to seek discovery once the anticipated action has been filed. Additionally, the district judge in this case expressly granted the petitioner the right to renew his request after the expiration of six months.[8] We

---

**6.** In his memorandum seeking reconsideration, Eisenberg cites what he terms "indisputable facts" establishing that he filed his petition solely for civil purposes. His support is drawn from a chronology of dates illustrating that his petition was filed, amended and briefed prior to December 11, 1979, the date on which he was first advised that a Houston grand jury subpoena had been issued for his appearance. (Record at 101.)

**7.** It is settled that *in camera* proceedings are an appropriate means to resolve disputed issues of privilege. *Kerr v. United States District Court*, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). In these formal privilege cases, the court examines the evidence *in camera* and balances the individual's interests in the information against the government's need to pre-

clude disclosure. In *Halkin v. Helms*, 598 F.2d at 7, the Fourth Circuit was quoted:

Disclosures in camera are inconsistent with the normal rights of a plaintiff of inquiry and cross-examination, of course, but if the two interests cannot be reconciled, the interests of the individual litigant must give way to the government's privilege against disclosure of its secrets of state.

*Heine v. Raus*, 399 F.2d 785, 791 (4th Cir. 1968), *after remand*, 432 F.2d 1007 (4th Cir. 1970), *cert. denied*, 402 U.S. 914, 91 S.Ct. 1368, 28 L.Ed.2d 658 (1971).

**8.** The order denying discovery was dated April 4, 1980. More than six months have elapsed since that date. We point out that by affirming the district court's order we do not endorse a

hold that Eisenberg's due process rights were adequately protected in the proceeding in the district court.

In this case, the district judge was called upon to balance the potential litigant's limited right to obtain evidence preliminarily with the significant governmental interests in preserving grand jury secrecy and foreign policy confidences. He properly considered *Campbell v. Eastland's* statement of this circuit's policy that criminal prosecutions take priority over civil actions. The *Campbell* court analyzed the precedence to be given to secrecy in criminal actions when that goal conflicts with a litigant's right to civil discovery during the pendency of litigation and prompt determination of his civil claim. As a concomitant of its conclusion that criminal cases should advance before parallel civil actions, *Campbell* held that liberal civil discovery procedures were not a "back door" to information otherwise beyond reach under the criminal discovery rules.[9]

Distinctions can be drawn between the facts in *Campbell* and those in this case. There, a civil case was pending at the time of the civil discovery request, and the discovery of documents, rather than permission to take a deposition, was the desired objective. On the other hand, this case presents stronger facts for the denial of discovery than *Campbell*, in that the civil case is not yet filed, the limited opportunity provided by the federal rules under Rule 27 for prelitigation discovery is subject to the broad discretion of the trial judge, and this limited right to discover must be balanced here with governmental interests in both grand jury secrecy and foreign relations.

Nor do we find that the trial judge incorrectly concluded that Eisenberg's civil discovery request was a disguised attempt at criminal discovery. Credibility is to be assessed by the trial judge and on appeal that determination is given great weight. It is true that Eisenberg's discovery request was filed before he was subpoenaed by the grand jury. But the trial judge must have concluded that Eisenberg knew of the grand jury investigation before he was actually subpoenaed. We see nothing in the record to indicate that his determination was clearly erroneous. Moreover, *Campbell* furnishes authority that the petitioner's motive is a germane inquiry. In *Campbell*, the trial judge concluded that the discovery sought was directed towards learning more facts about the criminal case. Even if Ei-

result that necessarily will remove the information from the petitioner's reach. He is presently free to request discovery by reapplication to the United States District Court for the Southern District of Texas, and, during this fifteen-month period, the grand jury proceedings may have evolved so that discovery is now timely.

**9.** Rule 6(e)(3)(c) of the Federal Rules of Criminal Procedure provides that a grand juror, an attorney for the government, certain governmental personnel, an interpreter, a stenographer, an operator of a recording device or a typist who transcribes recorded testimony may not disclose matters occurring before the grand jury unless so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant in certain instances. Fed.R.Crim.P. 6(e)(3)(c) (1979). Witnesses before the grand jury are not obliged to keep silent. *In re Investigation Before April 1975 Grand Jury*, 531 F.2d 600, 606–07 n.2 (D.C. Cir. 1976); *In re Grand Jury Witness Subpoenas*, 370 F.Supp. 1282, 1285 (S.D.Fla.1974). However, there is no rule in criminal procedure analogous to Rule 27 by which a deposition can be taken by a potential defendant prior to the initiation of prosecution. Depositions of a party's own witness are allowed during the pendency of a criminal action only when preservation of the testimony is in the interest of justice due to exceptional circumstances. Fed.R.Crim.P. 15(a) (1975). In criminal cases, depositions are not intended as discovery devices. They are in limited favor where a party's own witness is unable to attend trial. *United States v. Wilson*, 601 F.2d 95, 97 (3d Cir. 1979); *United States v. Rich*, 580 F.2d 929, 933–34 (9th Cir.), *cert. denied*, 439 U.S. 935, 99 S.Ct. 330, 58 L.Ed.2d 331 (1978); *United States v. Adcock*, 558 F.2d 397, 406 (8th Cir.), *cert. denied*, 434 U.S. 921, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977). Moreover, 18 U.S.C. § 3500 states that in any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a government witness or prospective government witness other than the defendant shall be the subject of subpoena, discovery, or inspection unless the witness has testified on direct examination in the trial of the case. 18 U.S.C. § 3500 (1970).

senberg possessed the purest of motives, he would have been the beneficiary of materials otherwise unavailable to him under the criminal rules if the motion were granted, thus nullifying in effect the criminal discovery limitations. Hence the trial judge did not abuse his discretion in denying permission to take the deposition.

For the foregoing reasons the judgment of the district court is

AFFIRMED.