GALE EAST, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gale East, Inc. v. Commissioner
Docket No. 4-84-D.
United States Tax Court
T.C. Memo 1985-80; 1985 Tax Ct. Memo LEXIS 548; 49 T.C.M. (CCH) 797; T.C.M. (RIA) 85080; February 25, 1985. *548 Jeffry L. Weiler, for the petitioner. Frank R. DeSantis and Linda R. Dettery, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on Gale East, Inc.'s Application for Order to Take Deposition pursuant to Rule 82, [1] filed on November 5, 1984. [2] When the matter was called from the calendar for the Motions Session of the Court at Washington, D.C. on January 16, 1985, counsel for petitioner did not appear, but the Court considered petitioner's Statement in Lieu of Appearance filed pursuant to Rule 50(c). Counsel for respondent appeared and presented argument. The dispute between respondent and petitioner involves, at least in part, the value of certain supermarket assets acquired by petitioner. Respondent issued a 30-day letter to Gale East, Inc. (hereinafter referred to as Gale East). The controversy is presently before a hearing officer of the Appellate Division, Internal Revenue Service, *549 Cleveland, Ohio, and no notice of deficiency has been issued. Thus, no petition can be filed in this Court. The petitioner wishes to depose C. Jno. (John) Tyler (hereinafter referred to as Mr. Tyler) of 11959 Storybrook Road, Chesterland, Ohio, prior to commencement of its filing a petition for redetermination of income tax deficiencies regarding valuation of the supermarket assets. Petitioner states that the reason for deposing Mr. Tyler at this time is that Mr. Tyler is 72, travels extensively and is suffering from respiratory problems, for which Mr. Tyler has not sought medical assistance. Petitioner contends that Mr. Tyler is one of a very few experts in the field of supermarket asset evaluation, and loss of his testimony will severely hamper its position. The delay and expense of obtaining other expert opinion will further prejudice Gale East's case. Respondent objects to the pre-petition deposition on the grounds that an expert witness should be heard at trial and that respondent has no expert at this point on whom he can rely for the basis of cross-examining Mr. Tyler. Respondent disputes petitioner's assertions that Mr. Tyler is one of few supermarket asset valuation *550 experts and maintains that petitioner has not produced any documentary evidence of Mr. Tyler's illness. [3]
Rule 80(a) provides, in part: * * * On complying with the applicable requirements, depositions to perpetuate evidence may be taken * * * in anticipation of commencing a case in this Court (Rule 82) * * *. Depositions under this Title may be taken only for the purpose of making testimony or any document or thing available as evidence in the circumstances herein authorized by the applicable Rules. * * * Rule 82 provides the mechanism for filing the application to take a deposition before commencement of a case "to perpetuate his [petitioner's] own testimony or that of another person or to preserve any document or thing regarding any matter that may be cognizable in this Court * * *." Rule 82 further provides that: * * * If the Court is satisfied that the perpetuation of the testimony or the preservation of the document or *551 thing may prevent a failure or delay of justice, it will make an order authorizing the deposition and including such other terms and conditions as it may deem appropriate consistently with these Rules. * * * [Emphasis added.] Our Rule 82 is derived from Rule 27(a) of the Federal Rules of Civil Procedure. Note to Rule 82, 60 T.C. 1111. Hence, with respect to a question concerning the interpretation of Rule 82, the history of Rule 27(a), Fed. R. Civ. P., and the authorities interpreting such Rule may be considered by the Tax Court. Rule 1(a); Estate of Jephson v. Commissioner,81 T.C. 999, 1000-1001 (1983); Allen v. Commissioner,71 T.C. 577, 579 (1979); Hall v. Commissioner,T.C. Memo. 1984-437. In a leading case interpreting Rule 27, Fed. R. Civ. P., Ash v. Cort,512 F.2d 909, 911 (3rd Cir. 1975), and citing Petition of Ferkauf,3 F.R.D. 89, 91 (S.D. N.Y. 1943), the Court of Appeals stated that Rule 27, Fed. R. Civ. P., should apply only in those special situations where testimony *552 might be lost unless it is taken immediately. [4] In upholding the trial court's denial of a motion under Rule 27, Fed. R. Civ. P., the Court found that some verification of the claim that the testimony would be lost must accompany the motion. Ash v. Cort,supra at 913 and n. 16. Petitioner must allege, and provide some verification for the allegations, that the testimony of the proposed deponent will be unavailable at trial because of his or her advanced age, serious illness or absence from the country for an extended period. [5] See In Re Boland,79 F.R.D. 665, 667 (D. D.C. 1978); Ash v. Cort,supra at 913 (age may be a relevant factor in showing that testimony must be perpetuated to avoid loss). A court is more likely to allow a deposition to be taken under Rule 27(a), Fed. R. *553 Civ. P., because of the deponent's advanced age in a situation in which the proceeding has been delayed for some reason. See, e.g., Texaco, Inc. v. Borda,383 F.2d 607 (3rd Cir. 1967) (court permitted Rule 27(a) deposition of 71-year old witness in suit stayed pending resolution of parallel criminal prosecution). We have no such situation here. Gale East has not produced any verification for this Court to find that Mr. Tyler's testimony will be lost prior to trial. Although the fact that Mr. Tyler is 72 may weigh in favor of our granting the application, we can draw no precise conclusion about the state of his health. Neither petitioner nor Mr. Tyler himself seems to know the severity of his respiratory problems. The fact that he has not seen a doctor suggests that the problems are not serious. Even if they were, as respondent points out, petitioner has *554 given this Court no verification of the fact. Moreover, our refusal to permit the taking of Mr. Tyler's pre-petition deposition is a ruling which may have only temporary application. See Application of Eisenberg,654 F.2d 1107, 1112 (5th Cir. 1981). Petitioner is free to seek discovery under Rule 81 once the petition is filed if, in fact, there is substantial risk that Mr. Tyler's testimony will not be available at trial. However, petitioner may renew its application under Rule 82 should Mr. Tyler's physical condition warrant it. [6]
An appropriate order will be issued.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure unless otherwise indicated. ↩
2. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
3. All but the last of respondent's objections to granting petitioner's application are irrelevant to our decision; thus, we need not deal with them.↩
4. The Court also noted that there is no reason to treat an order under Rule 27(b), Federal Rules of Civil Procedure, dealing with perpetuating testimony pending appeal, any differently from an order under Rule 27(a), Fed. R. Civ. P., upon which this Court's Rule 82↩ is premised, which provides for perpetuating testimony prior to trial.
5. We note that petitioner is applying to depose its own expert; thus, we do not believe that it is using Rule 82 as a substitute for discovery. See Ash v. Cort,512 F.2d 909, 912 (3rd Cir. 1975); cf. Petition of Gary Construction, Inc.,96 F.R.D. 432↩ (D. Colo. 1983).
6. In our view, petitioner at this stage has satisfied the requirement in Rule 82(1)↩ to show that it "expects to be a party to a case cognizable in this Court but is at present unable to bring it or cause it to be brought."