**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-10733
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID M. SIMCHO; VICTORIA J. SIMCHO,

Defendants-Appellants.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CV-618

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The United States sued David Simcho to reduce his tax liabilities to judgment and to foreclose. The district court granted the government's motion for summary judgment and denied Simcho's various motions to stay. Simcho appeals, and we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Simcho did not file federal income tax returns from 1986-1994. In September 1996, the Internal Revenue Service ("IRS") assessed Simcho for his 1986 and 1990 tax liability; in May 1997, it did the same for 1987-1994. Eight years later, it filed a notice of a tax lien for nearly $300,000 based on the tax liability.[1]

Before the IRS filed the lien, Simcho purchased a house in Southlake, Texas ("the Southlake property"). He refinanced it in March 2005 and June 2006. The government brought this lawsuit to foreclose on the Southlake property[2] and moved for summary judgment.

Simcho requested a stay until the final resolution of a criminal case regarding failure to pay federal taxes from 1999-2002. He also claimed that the government had seized his financial records for the criminal case and that he needed access to them to oppose summary judgment. In response, the government filed a declaration for Special Agent Tracy Wong, who testified that the only documents taken from Simcho related to taxes not filed from 1993 onward and that Simcho had been permitted to scan all the documents to determine whether copies were needed for his civil case. In addition, Wong stated that there were only eights items in the seized documents that related to Simcho's taxes from 1986-1994, and all those items were delivered to Simcho's counsel. The court denied the request for a stay, granted summary judgment, ordered the Southlake property sold, and denied Simcho's motion to stay its order.

II.

The district court was right to deny a stay. "The decision whether . . . to stay civil litigation in deference to parallel criminal proceedings is discretionary.

---

[1] It also included Simcho's tax liability from 1995.

[2] Option One and Dallas Home Loans were joined, because they may have had a claim on the property.

Accordingly, we review the denial of a motion to stay for abuse of discretion."
*Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (citations omitted).

> There is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions by different federal agencies against the same defendant involving the same transactions. Parallel civil and criminal proceedings instituted by different federal agencies are not uncommon occurrences because of the overlapping nature of federal civil and penal laws. The simultaneous prosecution of civil and criminal actions is generally unobjectionable because the federal government is entitled to vindicate the different interests promoted by different regulatory provisions even though it attempts to vindicate several interests simultaneously in different forums.

*F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 592 (5th Cir. 2008) (citing *SEC v. First Fin. Group*, 659 F.2d 660, 666-67 (5th Cir. Oct. 1981)). "[T]he granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly." *In re Who's Who Worldwide Registry, Inc.*, 197 B.R. 193, 195 (Bankr. E.D.N.Y. 1996) (citations omitted).

The court did not abuse its discretion. Critically, the court properly determined that the criminal case involved tax returns from 1999-2002; the civil case, 1986-1995. In addition, Simcho has failed to delineate how the civil case's conclusion could affect his criminal case; the government will be able to use the same evidence regarding his tax returns (or lack thereof) from 1986-1995 with or without resolution of the civil case.[3] Finally, Simcho has refinanced his house twice for $90,000, and interest continues to accrue on the property, which gives the government a substantial interest in moving forward with its civil claim.

---

[3] Simcho's argument that a stay should be granted because the outcome of the trial could be used against him in his upcoming criminal trial is weakened by the fact that the evidence could likely be used regardless of whether his civil trial had concluded. To the degree this evidence would be given more weight post-trial rather than pre-trial, this concern is outweighed by the government's substantial interest in proceeding to trial.

The court properly balanced these interests and denied the stay.

## III.

The district court properly granted summary judgment. The government submitted copies of IRS Form 4340, which demonstrated that the IRS prepared substitute returns for Simcho for 1986-1994. "IRS Form 4340 constitutes valid evidence of a taxpayer's assessed liabilities and the IRS's notice thereof." *Perez v. United States*, 312 F.3d 191, 195 (5th Cir. 2002) (footnote omitted). Simcho submitted no evidence to rebut the validity of those tax assessments. The IRS's assessment is given "a presumption of correctness" and places "the burden on the taxpayer 'to prove by a preponderance of the evidence that the Commissioner's determination was erroneous.'" *United States v. Lochamy*, 724 F.2d 494, 497-98 (5th Cir. 1984) (quoting *Carson v. United States*, 560 F.2d 693, 696 (5th Cir. 1977)). Simcho's failure to submit evidence means that he did not meet this burden.

Simcho inaccurately alleges that the evidence he needed to contest the IRS's prepared returns was not available to him. First, the IRS seized only documents relating to taxation from 1993 onward. Nothing stopped Simcho from preparing a defense for the IRS's tax assessments from 1986-1992. Second, the IRS returned eight documents from Simcho's criminal trial and allowed Simcho to make copies of any documents seized. Simcho presents no evidence to demonstrate the court erred in making these findings.

## IV.

Simcho contends the district court improperly foreclosed on the Southlake property in contravention of Texas's homestead exemption. The court properly noted, however, that *United States v. Rodgers*, 461 U.S. 677, 700-02 (1983), allows a court to foreclose on real property covered by the Texas exemption.

V.

Simcho argues that the court erred in denying his motion to stay the judgment pending appeal. We review for abuse of discretion. *See Wildmon v. Berwick Universal Pictures*, 983 F.2d 21, 23 (5th Cir. 1992). "The party who seeks a stay must show: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay." *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986). Simcho urges irreparable injury from the violation of his constitutional right to silence.

The court properly denied the stay. Simcho had no likelihood of success on the merits. The court did not abuse its discretion.

AFFIRMED.