# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2011

No. 10-40532
Summary Calendar

Lyle W. Cayce
Clerk

DAMON LEE WOOD,

Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - REHABILITATION &
RE-ENTRY PROGRAM; MADELINE M. ORTIZ, Director - Rehab Programs
Division; JOSEPH A. BON-JORNO, Sex Offender Rehab Programs Manager;
SCHUWAN A. DORSEY; KIMM M. PEREZ; LINDA L. TANNER, Associate
Psychologists; WALTER B. CONNEALY, Program Specialist IV; JOVITA N.
ONYEANU, Case Manager; LOSHONDA SLOAN, Case Manager; MARY I.
RODABAUGH, Case Manager; DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; BRAD
LIVINGSTON,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-22

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-40532

Damon Lee Wood, Texas prisoner #590030, filed a "Petition to Perpetuate (Pre-Suit Discovery) Testimony", pursuant to Federal Rule of Civil Procedure 27(a), seeking to depose various prison officials and to conduct written discovery. Wood stated that he intended to file a 42 U.S.C. § 1983 action, asserting retaliation for exercising his First Amendment rights and denial of due process in connection with the denial of parole, but that he could not do so without first conducting court-ordered discovery. The petition was filed by the clerk of court as a § 1983 complaint.

Proceeding *pro se* and *in forma pauperis*, Wood appeals the district court's: dismissal of his action for failure to comply with the magistrate judge's order to file a proper § 1983 complaint; and denial of his Rule 27 motion concerning pre-action discovery.

Wood states he complied with the magistrate judge's order by filing a proper § 1983 lawsuit, albeit in the Beaumont, rather than the Lufkin, Division. The clerk's office confirms Wood's § 1983 action is pending in the Beaumont Division. Because our court cannot grant further relief on that issue, that portion of this appeal is dismissed as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987).

The denial of the Rule 27 motion is reviewed for abuse of discretion. *Hibernia Nat. Bank v. Robinson*, 67 F. App'x 241, at *1 (5th Cir. 21 Apr. 2003). Wood did *not* show he required pre-action discovery to prevent the failure or delay of justice; specifically, he failed to show the pre-action discovery he sought would otherwise be lost. *See* FED. R. CIV. P. 27(a)(3). Wood's contentions appear predicated on his believing he has an absolute right to such discovery; that belief is incorrect. *See In re Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981). There was nothing to prevent Wood from filing a complaint and seeking discovery after the court completed its judicial screening of the case. *See id.* Because Wood has *not* shown the district court's denial of his Rule 27 motion was an abuse of

No. 10-40532

discretion, that portion of the district court's judgment is affirmed. *See In re Price*, 723 F.2d 1193, 1194 (5th Cir. 1984).

DISMISSED IN PART; AFFIRMED IN PART.