# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10181

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2017

Lyle W. Cayce
Clerk

In re: Grand Jury Subpoena

Appeal from the United States District Court
for the Northern District of Texas

Before KING, OWEN, and HAYNES, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Following the initiation of a federal criminal investigation for Medicare fraud and other offenses into a business owned by [Company], several of [Company's] officers resigned and, upon leaving [Company], removed electronic devices allegedly owned by [Company].[1] [Company] filed suit in state court and obtained a temporary restraining order (TRO) enjoining the former officers and their counsels from using company funds to pay attorneys' fees and from disclosing information contained on the removed electronic devices. Counsel for one of the former officers was then subpoenaed by a federal grand jury and asked to present the electronic devices. The United States moved for a protective order in federal district court to enjoin the state court litigation. After an evidentiary hearing, the district court enjoined the state court civil proceedings until the conclusion of the government's criminal

---

[1] Names have been redacted.

investigation, or for a period of one year, whichever first occurred. [Company] appealed. We affirm.

**I**

After becoming aware that their company was under federal investigation for Medicare fraud and other offenses, [Company] officers retained personal counsel at company expense. Two officers, [Employee A] and [Employee B], subsequently resigned and removed several electronic devices previously provided to them by [Company]. [Employee A] informed [Company] that he was delivering the electronic devices in his possession to his personal attorney, who would then cooperate with federal agents in the criminal investigation. After demanding return of the company funds disbursed to [Employee A] and [Employee B] for personal counsel, [Company] filed suit in Texas state district court and obtained a TRO enjoining [Employee A], [Employee B], and their attorneys from using the funds and from disclosing any information or data on the electronic devices. The TRO also required return of the funds and devices. [Company] then proceeded with discovery requests.

[Employee A's] attorney received a federal grand jury subpoena, ordering the production of the electronic devices [Employee A] removed from [Company]. The attorney notified [Company] of the subpoena and requested a modification of the TRO to allow delivery of the devices. He also delivered a check for the amount of disputed funds to the state court registry in compliance with the TRO. After unsuccessfully moving in federal court to quash the subpoena and in state court to dissolve the TRO, [Employee A's] counsel complied with the federal subpoena and turned over the electronic devices to federal law enforcement. Discovery efforts in state court continued, and [Company] moved for partial summary judgment. Shortly thereafter, the United States filed a motion for a protective order in federal court. After an

evidentiary hearing, the district court granted the protective order and enjoined all proceedings in state court.

## II

We first conclude that the district court had authority to enjoin the state court proceedings. Although federal courts are generally prohibited from granting injunctions to stay state court proceedings under the Anti-Injunction Act, 28 U.S.C. § 2283, that general prohibition does not apply when the United States seeks the injunction, as it does here.[2] We therefore need not consider whether the Victim and Witness Protection Act, 18 U.S.C. §§ 1512, *et seq.*, provides a statutory exception to the Anti-Injunction Act.[3]

## III

"[T]he fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue."[4] Rather, "[t]he power to enjoin state proceedings is discretionary, allowing the [district] court to weigh those factors both pro and con to the issuance of a stay."[5] We review for abuse of discretion.[6]

---

[2] *Leiter Minerals, Inc. v. United States*, 352 U.S. 220, 225-26 (1957); *NLRB v. Nash-Finch Co.*, 404 U.S. 138, 145-47 (1971) (reiterating the holding in *Leiter* and extending this exception to federal agencies); *United States v. Lemaire*, 826 F.2d 387, 388 n.2 (5th Cir. 1987) ("The [Anti-Injunction] Act does not prevent the United States, or one of its agencies, from acting to protect a federal interest."); *see also* 17A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4222 (3d ed.).

[3] *See United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337-38 & n.8 (5th Cir. 2008) (affirming on a different ground than the ground relied on by the district court because this court "may 'affirm the district court's judgment on any grounds supported by the record'" (quoting *Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007))).

[4] *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988).

[5] *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1274 (7th Cir. 1976); *accord First Nat. Bank & Tr. Co. v. Lawing*, 731 F.2d 680, 682 (10th Cir. 1984); *see also* 17A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4222 (3d ed.) ("[E]ven when the power exists to stay state court proceedings, the exercise of that power is discretionary, allowing the federal court to weigh all of the factors for and against issuing a stay.").

[6] *United States v. Simcho*, 326 F. App'x 791, 792 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Microfinancial Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st

We have previously recognized that due to the significant public interest in law enforcement, criminal prosecutions often take priority over civil actions,[7] and the government is permitted to seek stays of civil litigation to protect the integrity of its criminal investigations.[8] Civil and criminal proceedings are subject to different procedural rules; less restrictive civil discovery could undermine an ongoing criminal investigation and subsequent criminal case.[9]

In determining whether a civil action or civil discovery should be allowed to proceed in light of an impending criminal case, we have directed district courts to employ "[j]udicial discretion and procedural flexibility" to "harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other."[10] Formal criminal proceedings are not a requirement to the proper issuance of a stay.[11] Although the government had not yet issued any indictments pertaining to its criminal investigation of [Company] at the time of the district court's ruling, the grand jury had convened and issued subpoenas when the district court enjoined the

---

Cir. 2004)); *see also Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (recognizing the district court's discretion to grant or deny a stay).

[7] *In re Eisenberg*, 654 F.2d 1107, 1113 (5th Cir. Unit B Sept. 1981).

[8] *Campbell*, 307 F.2d at 488 (holding that allowing civil discovery during a criminal investigation would create "an open invitation to [parties] under criminal investigation to subvert the civil rules into a device for obtaining pre-trial discovery against the Government in criminal proceedings"); *see also United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) ("Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action . . . .") (citing *Campbell*, 307 F.2d 478).

[9] *Campbell*, 307 F.2d at 487 ("A litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit."); *see also In re Eisenberg*, 654 F.2d at 1113 ("[L]iberal civil discovery procedures [are] not a 'back door' to information otherwise beyond reach under the criminal discovery rules.").

[10] *Campbell*, 307 F.2d at 487.

[11] *See id.* (noting that a trial judge should not "ignore the effect discovery would have on a criminal proceeding that is pending or just about to be brought").

state civil proceedings, thereby demonstrating that the criminal case was more than just "vague suspicions that might in the future lead to a criminal charge."[12] Sixteen individuals have since been indicted for Medicare fraud.

It is not necessary that the movant for civil discovery specifically intend to circumvent the rules of criminal discovery: a movant with the "purest of motives" would, in the event the civil case was allowed to proceed, gain access to materials otherwise unobtainable and, in so doing, potentially harm the related criminal investigation.[13] [Company] is pursuing a civil lawsuit in state court seeking, among other things, return or ownership of electronic devices currently held by federal investigators. If not enjoined, further proceedings in state court, including civil discovery, could undermine the federal criminal investigation into [Company]. Furthermore, [Company] will not be unduly burdened if the civil proceedings do not proceed for the duration of the criminal investigation: ownership of the electronic devices can be determined after the investigation is complete, and the devices returned to [Company] if its ownership is established.

*   *   *

We AFFIRM the district court's order.

---

[12] *Id.* at 488.
[13] *See In re Eisenberg*, 654 F.2d at 1113-14.