**Richard A. ASH, on behalf of himself, and on behalf of Bethlehem Steel Corporation, Appellant,**

v.

**Stewart S. CORT, Chairman, et al., all being directors of Bethlehem Steel Corporation, Defendants,**

and

**Bethlehem Steel Corporation, Nominal Defendant.**

No. 72–1984.

United States Court of Appeals, Third Circuit.

Argued Dec. 15, 1972.

Decided Jan. 5, 1973.

Cletus P. Lyman, Lyman & Ash, Philadelphia, Pa., for appellant.

Edwin P. Rome, Jerome R. Richter, William H. Roberts, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge, and ALDISERT and MAX ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a denial of a request for preliminary relief seeking to enjoin Bethlehem Steel from furnishing funds for the publication and dissemination of copies of a speech made by the corporation's president. Appellant alleged that this practice offended 18 U.S.

C. §§ 591, 610, governing the conduct of federal elections and political activities. We affirm the denial of the request for a preliminary injunction. Our holding is narrowly limited. We affirm solely because we view as not clearly erroneous the district court's finding, 350 F.Supp. 227, that appellant would not be irreparably harmed by the denial of his request.

Although the court reached other legal considerations which facially would seem to preclude appellant from proceeding to final hearing, we were assured at oral argument by counsel for appellees that he considered those conclusions to have been preliminary only and limited to the context of the request for preliminary relief. He conceded that appellant would be free to present anew his original contentions in the district court as the case proceeds to final adjudication. We therefore conclude that appellant is not foreclosed from reasserting at final hearing his contentions of standing and statutory construction of 18 U.S.C. §§ 591, 610 and, thus, do not meet these questions nor the issue of mootness.

The judgment of the district court will be affirmed.