Richard A. ASH, on behalf of himself, and on behalf of Bethlehem Steel Corporation, Plaintiff-Appellant,

v.

Stewart S. CORT et al., Defendants-Appellees,

and

Bethlehem Steel Corporation, Nominal Appellee.

No. 74–1836.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 24, 1975.

Decided Feb. 26, 1975.

---

5.

Cletus P. Lyman, Lyman & Ash, Philadelphia, Pa., for plaintiff-appellant.

Edwin P. Rome, Jerome R. Richter, William H. Roberts, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., Curtis H. Barnette, Bethlehem, Pa., for defendants-appellees.

Before VAN DUSEN, GIBBONS and HUNTER, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

In this case we must decide whether a district court order denying a motion to perpetuate testimony pending appeal under F.R.Civ.P. 27(b) is a final order, appealable under 28 U.S.C. § 1291.[1] We conclude that it is a final order. Having jurisdiction to review the order, we must next decide whether denial of the motion to perpetuate testimony was an abuse of discretion in this case. We find no abuse of discretion and, therefore, affirm the district court's denial of the Rule 27(b) motion.

I

Plaintiff-appellant is a shareholder in Bethlehem Steel Corporation who seeks derivative damages in favor of the corporation against the directors for allegedly illegal political contributions and injunctive relief prohibiting future contributions allegedly violative of 18 U.S.C. § 610.[2]

This is the third time this case has come before us. In a *per curiam* opinion filed in 1973, this court affirmed the district court's denial of plaintiff's motion for preliminary injunction.[3] Ash v. Cort, 471 F.2d 811 (3d Cir., 1973). The district court subsequently granted defendant appellee's motion for summary judgment on grounds that no cause of action had been stated. This court reversed in an opinion by Chief Judge Seitz. 496 F.2d 416 (3d Cir., 1974).

On July 20, 1974 defendant filed a petition for a writ of certiorari in the Supreme Court seeking to review this court's 1974 holding that a cause of action had been stated. The writ was granted on November 11, 1974, sub nom. Cort v. Ash, 419 U.S. 992, 95 S.Ct. 302, 42 L.Ed.2d 264 (1974).[4]

On June 13, 1974 plaintiff filed the instant Rule 27(b) motion in the district

1. 28 U.S.C. § 1291 provides:

 The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. June 25, 1948, c. 646, 62 Stat. 929; Oct. 31, 1951, c. 655, § 48, 65 Stat. 726; July 7, 1958, Pub.L. 85-508, § 12(e), 72 Stat. 348.

2. 18 U.S.C. § 610 makes it unlawful for any corporation "to make a contribution or expenditure in connection with any election to any political office . . . ." In this civil suit, plaintiff-appellant challenges advertising allegedly violative of § 610, a criminal statute.

3. The district court's denial of the preliminary injunction motion is reported at 350 F.Supp. 227 (E.D.Pa., 1972).

4. The questions presented for review by the Supreme Court are (1) whether the Court of Appeals erred in implying a private cause of action from the Corrupt Practices Act, 18 U.S.C. § 610, for advertising expenditures allegedly violative of the Act; (2) whether the Act itself violates freedom of speech, of press, and of association; (3) whether on its face the Act deprives corporations of equal protection of the laws. 419 U.S. 992, 95 S.Ct. 302, 42 L.Ed.2d 264.

court. The motion was denied and the present appeal followed.[5]

Plaintiff-appellant asserts that denial of its Rule 27(b) motion was an abuse of discretion. Defendant-appellees move to dismiss the appeal on grounds that there has been no final appealable order. In the alternative, they allege that the denial was not an abuse of discretion.

## II

*Appealability*

■ Rule 27(a) provides for perpetuation of testimony prior to trial, Rule 27(b) in turn deals with perpetuation of testimony pending appeal.[6] The scope of discovery allowed under Rule 27 is much narrower than that available under the general discovery provisions of Rule 26.[7] Rule 27 applies . . .

to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately . . .. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time. Petition of Ferkauf, 3 F.R.D. 89, 91 (S.D.N.Y., 1943).

Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost.

Unlike the usual discovery motion, the denial or grant of which has been considered interlocutory and non-appealable,[8] motions to perpetuate testimony must be judged by different standards.[9] In Mosseller v. United States, 158 F.2d 380 (2nd Cir., 1946), the Second Circuit held appealable the granting of a Rule 27(a) motion to perpetuate testimony in advance of trial. The court reasoned that the district court order authorizing depositions was a final order under 28 U.S.C. § 1291 "because it grant[ed] all the relief sought in the petition and dispose[d] of the proceeding." 158 F.2d at

---

5. The Rule 27(b) motion was filed on June 13, 1974. It was denied by the district court without opinion on June 26, 1974. This appeal was filed on July 11.

 On October 28, 1974, appellant filed a petition asking the court to treat the appeal as a petition for a writ of mandamus. Since this petition was so untimely filed, we decline to consider it.

6. Rule 27(b) states:

 Pending Appeal. If an appeal has been taken from a judgment of a district court or before the taking of an appeal if the time therefor has not expired, the district court in which the judgment was rendered *may* allow the taking of the depositions of witnesses to perpetuate their testimony for use in the event of further proceedings in the district court. In such case the party who desires to perpetuate the testimony may make a motion in the district court for leave to take the depositions, upon the same notice and service thereof as if the action was pending in the district court. The motion shall show (1) the names and addresses of persons to be examined and the substance of the testimony which he expects to elicit from each; (2) the reasons for perpetuating their testimony. *If the court finds that the perpetuation of the testimony is proper to avoid a failure or delay*

*of justice, it may make an order allowing the depositions to be taken* and may make orders of the character provided for by Rules 34 and 35, and thereupon the depositions may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the district court. (Emphasis added).

7. The scope of Rule 26 is much broader than Rule 27. Rule 26(b)(1) specifically states:

 Parties may obtain discovery regarding *any matter . . . which is relevant to the subject matter involved* in the pending action . . .. (Emphasis added.)

8. In Borden Co. v. Sylk, 410 F.2d 843 (3d Cir., 1969), this court held a discovery order interlocutory and not appealable under § 1291. *See* United States v. Fried, 386 F.2d 691 (2nd Cir., 1967).

9. In Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir., 1967), this court reviewed the denial of a Rule 27 motion to perpetuate the testimony of a 71-year old witness. Since review was afforded through a writ of mandamus, questions of finality under § 1291 were not addressed but the case clearly shows that review of Rule 27 motions is possible. *See* In Re Sims, 389 F.2d 148 (5th Cir., *en banc*, 1967).

383.[10] *Accord* Martin v. Reynolds Metals Corporation, 297 F.2d 49, 52 (9th Cir., 1961).

The denial of a motion to perpetuate testimony would also seem to require immediate review. "An action refusing relief under Rule 27 would appear to be even more final [than the granting of such a motion], for it may have the effect of making it impossible for the petitioner to maintain an action or defense." Moore 9 Federal Practice ¶ 110.13[3] at 159 (1970).

Although there are no cases specifically addressing the question of appealability of Rule 27(b) orders,[11] we perceive no reason for treating these differently than Rule 27(a) motions. The same narrow purpose of perpetuating testimony for later use obtains under both 27(a) and 27(b). The Rule 27(a) order is deemed final because it is the only matter pending in the district court at a time when no complaint has yet been filed. Similarly, when an appeal has been lodged in a higher court, a Rule 27(b) motion is the only matter pending before the district court. Since it is the only matter in the district court, a denial or grant of a Rule 27(b) motion is final in just the way the Second Circuit characterized as final, the grant of a 27(a) motion in *Mosseller*.[12]

As such we conclude that we have jurisdiction under 28 U.S.C. § 1291 to review the instant denial of Rule 27(b) relief.

### Abuse of Discretion

 We reiterate that Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost. In addition, the text of the Rule makes it clear that reversal is warranted only when the trial judge has committed an abuse of discretion.[13] The Rule states that the trial court "*may* allow the taking of the depositions of witnesses to perpetuate their testimony . . . [i]f the court finds that the perpetuation of the testimony is *proper* to avoid a failure or delay of justice . . . ." (Emphasis added.) F.R.C.P. 27(b).

**10.** The court in *Mosseller* added as further reason for its holding of finality:

If such orders were not held final and appealable, a plaintiff who had taken a deposition could wait several years before deciding to bring suit and the putative defendant could not during this time question the propriety of the order by an appeal. So a plaintiff might later be able to bring the suit in another district, thus cutting off a direct right of appeal and leaving serious question as to the defendant's right to make a collateral attack upon the order by objection to introduction of the evidence in the second district. We see no conflict between this conclusion and the emphasis, noted above, upon the ancillary nature of the proceeding. Necessarily a proceeding for ancillary relief may often result in a final order which is reviewed on appeal. 158 F.2d at 383.

**11.** In Rose v. McNamara, 126 U.S.App.D.C. 179, 375 F.2d 924, 925 n. 2 (1967), the court considered an appeal from a denial of a Rule 27(b) motion. The question of finality was not reached, however, since the motion was considered at the same time as the appeal on the merits. *See* Minnesota Mining and Manufacturing Co. v. Technical Tape Corp., 309 F.2d 55, 59 (7th Cir., 1962) affirming 200 F.Supp. 753 (N.D.Ill., 1961).

**12.** Our holding that Rule 27 relief is reviewable is compatible with traditional rules of finality as stated in Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and more recently by this Court in Samuel v. University of Pittsburgh, 506 F.2d 355 (3d Cir. 1974). *Eisen* states a two pronged test for determining finality. The district court's order must not be tentative, informal or incomplete and it must deal with a collateral matter, which could not effectively be reviewed on appeal from the final judgment. 417 U.S. at 171, 94 S.Ct. 2140. Clearly the district court's order on this matter is not incomplete. The possibility that testimony will be lost forever unless review is afforded immediately brings this case within the second *Eisen* test. Review of the final judgment can, in no way, mitigate a loss of testimony from a witness' death, or from the destruction of evidence sought to be preserved by the Rule 27 motions.

**13.** Texaco, Inc. v. Borda, *supra* n. 9 indicates an abuse of discretion standard by which Rule 27 motions are judged. *See* Rose v. McNamara, *supra* n. 11, W. H. Elliott & Sons v. E. & F. King & Co., 22 F.R.D. 280 (D.N.H., 1957).

 

■ The present appeal must fail both because appellant misperceives Rule 27 as a substitute for general discovery[14] and because he has failed to show any abuse of discretion by the trial court.

■ In support of his abuse of discretion charge appellant asserts that there has been "no discovery in two years of litigation." (Appellant's brief at 5). Without some showing that continued delay in granting discovery is likely to result in a loss of evidence, the assertion that no discovery has yet taken place is plainly irrelevant to Rule 27. Appellant makes almost no attempt to show why the requested testimony must be perpetuated. In conclusory terms, appellant's brief merely states:

> There exists a substantial risk that testimonial evidence will become unavailable if discovery is further postponed. It is probable that the officers and directors having first hand knowledge are over fifty years of age. They are all senior officers of a large industrial corporation. One director has already died. Memories may fade. . . . (Appellant's brief at 12).

■ Although age may be a relevant factor in showing that testimony must be perpetuated to avoid loss,[15] we simply cannot agree that these conclusory remarks in any way show that evidence is likely to be lost while the appeal is pending.

Since plaintiff failed to assert reasons[16] why it was necessary to perpetuate this testimony, we find no abuse of discretion in the trial court's denial of the motion.

### III

For the foregoing reasons, we find that the district court order denying a Rule 27(b) motion to perpetuate testimony pending appeal was not an abuse of discretion. The motion to dismiss the appeal will be denied and the district court order affirmed.

---

14. In its motion for leave to take depositions, reproduced at page 56 of the appendix, plaintiff-appellant requested testimony from three named directors concerning "all matters relevant to the subject matter involved in the above action." Such a broad request is more compatible with Rule 26 discovery, *supra* n. 7 than with Rule 27's limited purpose of perpetuating testimony which might be lost.

15. For example, in Texaco, Inc. v. Borda, *supra* n. 9 this court deemed relevant the witness' 71-year old age. In *Mosseller, supra* the Second Circuit was concerned with the grave illness of the prospective witness.

16. Although Rule 27(b) would seem to require some verification for a claim that testimony would be lost if unrecorded, none was supplied in the instant case. In dicta, the Fifth Circuit states that some verification must accompany a Rule 27 motion. Mercantile National Bank at Dallas v. Franklin Life Insurance Co., 248 F.2d 57, 59 n. 5. We agree.