IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 9, 2004 Session

## TODD JONES, ET AL. v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

Appeal from the Chancery Court for Giles County
No. 2480     Jim T. Hamilton, Judge

No. M2003-00862-COA-R3-CV - **Filed January 27, 2004**

By pre-complaint Petition under Tennessee Rule of Civil Procedure 27, insureds seek to obtain from their insurer copies of previous unsworn oral statements given to an adjuster before they will submit to a statement under oath pursuant to their obligations under the policy. The trial court granted the Petition, and insurer appeals. The judgment of the trial court is reversed, and the case is remanded with instructions to dismiss the Petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Steven A. Dix, Murfreesboro, Tennessee, for the appellant, Tennessee Farmers Mutual Insurance Company.

Paul A. Bates, Charles M. Bates, Lawrenceburg, Tennessee, for the appellees, Todd Jones and Michelle Jones.

### OPINION

Appellees, Todd Jones and Wife, Michelle Jones, lost their residence on November 5, 2002 as a result of an extensive fire. The residence was insured by a homeowners policy issued by Tennessee Farmers Mutual Insurance Company. Upon their claim being filed under the policy, Tennessee Farmers undertook an investigation and, during the course of the investigation, took tape-recorded statements of Appellees on two separate occasions. Thereafter, Appellees retained counsel, and pursuant to the terms of the policy, Tennessee Farmers notified counsel for Appellees that it desired to take their sworn statements on January 29, 2003. Counsel for Appellees then responded that his clients stood ready, willing, and able to give their examination under oath but only after Tennessee Farmers provided to Appellees copies of the two prior recorded statements. Appellant declined to provide Appellees or their counsel with the two prior recorded statements; whereupon, Appellees filed, on February 27, 2003, a Petition in the Chancery Court of Giles County pursuant

to Tennessee Rule of Civil Procedure 27 seeking to take the depositions of Terry Brewer, Special Investigations Manager, and Gayle Loveless, Claims Representative, these persons being the representatives of Tennessee Farmers Mutual Insurance Company who had taken from Mr. and Mrs. Jones the previous unsworn recorded statements. The Petition asserted in part:

> That the Petitioners desire to take the depositions of Terry Brewer, Special Investigations Manager and Gayle Loveless, Claims Representative, who have previously conducted questioning of the Petitioners in their representative capacities as employees of Tennessee Farmers Mutual Insurance Company. Petitioner[s] are unaware of the addresses of Terry Brewer and Gayle Loveless other than their address as employees of Tennessee Farmers Mutual Insurance Company. Tennessee Farmers Mutual Insurance Company adamantly refused to voluntarily provide the Petitioners' attorney a copy of same prior to the Tennessee Farmers Mutual Insurance Company conducting an examination under oath of the Petitioners, as evidenced by Exhibit 1 which is incorporated herein and made a part hereof.

> That the Petitioners' attorney desires to take the depositions of the aforesaid employees of the Tennessee Farmers Mutual Insurance Company in order to acquire the substance of and copies of the prior statements taken from the Petitioners.

Appellant responded to the Petition by asserting that Appellant was under no obligation to provide the previous unsworn oral statements prior to taking the statement of the policy holders under oath and that Tennessee Rule of Civil Procedure 27 was a vehicle for perpetuating testimony and could not be used for the purpose of compelling the insurer to produce these prior statements.

At the hearing of March 5, 2003, no evidence was presented, and, in its Order granting the Petition and ordering the insurer to produce the prior unsworn recorded statements, the trial court held:

> Based upon statements from counsel of the respective parties, the Court finds the central issue is the petitioners obtaining copies of their two prior recorded statements given to Respondent. The parties agreed that should the Court find that Petitioners are entitled to copies of their statements, the depositions of Terry Brewer and Gayle Loveless would then not be required.

Insurer filed a timely appeal.

Depositions to perpetuate testimony existed by equity and by statute long before the adoption of Rule 27 of the Tennessee Rules of Civil Procedure or its federal counterpart. In equity, "[t]he sole object of a bill to perpetuate testimony is to assist other Courts, and to preserve evidence to prevent future litigation." Henry R. Gibson, *Gibsons Suits in Chancery II*, § 1194 (Arthur Crownover, Jr. rev. 5th ed. 1956). The statutory remedy was provided by Tennessee Code Annotated sections 24-1001 to 24-1014 (repealed). The statutes provided a summary method of perpetuating testimony with section 24-1001 (repealed) providing: "Any person may have evidence taken conditionally, to

be used in pending or expected litigation, and have the same perpetuated, under the provisions of this chapter." Tenn. Code Ann. § 24-1001 (1955)(repealed).

Whether one refers to the pre-existing equity rule, the repealed statute, or Tennessee Rule of Civil Procedure 27, the limited purpose of any proceeding of this type is to perpetuate testimony in order "to preserve evidence, when it is in danger of being lost, before the matter to which it relates can be made the subject of judicial investigation." Gibson, *supra*, § 1193.

The Petition at bar seeks to perpetuate nothing but, rather, to compel the insurer to produce copies of the insureds' own statements made to the insurer at a time prior to the insureds' retention of counsel. The avowed purpose is for use by the insureds in preparation for their statements under oath to be given to the insurer pursuant to the terms of the policy. The contractual right of the insurer to compel the insured to submit to a statement under oath concerning a fire loss is unconditional. *Shelter Insurance Company v. Spence*, 656 S.W.2d 36 (Tenn.Ct.App.1983). Appellees assert no contractual right under which they may obtain from the insurer, prior to giving an oral statement under oath, their own previous unsworn statements to insurance adjusters. The purpose of Appellees is purely tactical. They seek to discover nothing from any witness but, rather, to "discover" their own prior statements. Presumably they know what they said. At any rate, Tennessee Rule of Civil Procedure 27 is not a discovery tool.

Since the essential provisions of Tennessee Rule of Civil Procedure 27 are identical to the provisions of Federal Rule of Civil Procedure 27, federal cases construing the rule are persuasive authority in Tennessee. *Bowman v. Henard*, 547 S.W.2d 527 (Tenn.1977); *March v. Levine*, 115 S.W.3d 892 (Tenn.Ct.App.2003); *Gamble v. Hosp. Corp. of Am.*, 676 S.W.2d 340 (Tenn.Ct.App.1984).

The leading federal case on Federal Rule of Civil Procedure 27 is *Ash v. Cort*, 512 F.2d 909 (3d Cir.1975). In this stockholders' derivative action, the plaintiff sought to take the depositions of officers and directors of the corporation under Rule 27, asserting that the case was not otherwise ripe for discovery and that the witnesses might become unavailable if discovery was further postponed. The trial court denied their Rule 27 motion, and on appeal, the Third Circuit Court of Appeals held:

> We reiterate that Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost. In addition, the text of the Rule makes it clear that reversal is warranted only when the trial judge has committed an abuse of discretion. The Rule states that the trial court "*may* allow the taking of the depositions of witnesses to perpetuate their testimony . . . [i]f the court finds that the perpetuation of the testimony is *proper* to avoid a failure or delay of justice . . . ." (Emphasis added.) F.R.C.P. 27(b).

> The present appeal must fail both because appellant misperceives Rule 27 as a substitute for general discovery and because he has failed to show any abuse of discretion by the trial court.

In support of his abuse of discretion charge appellant asserts that there has been "no discovery in two years of litigation." Without some showing that continued delay in granting discovery is likely to result in a loss of evidence, the assertion that no discovery has yet taken place is plainly irrelevant to Rule 27. Appellant makes almost no attempt to show why the requested testimony must be perpetuated. In conclusory terms, appellant's brief merely states:

> There exists a substantial risk that testimonial evidence will become unavailable if discovery is further postponed. It is probable that the officers and directors having first hand knowledge are over fifty years of age. They are all senior officers of a large industrial corporation. One director has already died. Memories may fade.

> Although age may be a relevant factor in showing that testimony must be perpetuated to avoid loss, we simply cannot agree that these conclusory remarks in any way show that evidence is likely to be lost while the appeal is pending.

*Ash*, 512 F.2d at 912-13 (citations omitted).

As relates to use of Rule 27 in pre-complaint proceedings, the United States District Court for the Middle District of Alabama said it all in *In re Ford*, 170 F.R.D. 504 (M.D.Ala. 1997), wherein a plaintiff sought, pre-complaint, to discover the facts surrounding the death of her husband. The court held:

> It is clear that Ford seeks to engage in discovery pursuant to Rule 27. As represented in Ford's petition, as amended, and at the December 13 hearing, she desires to know "the basic facts surrounding the death of . . . Roberts." She wants to know who shot him and whether the shooting was justified.

> Admittedly, Ford also asserts in her petition a desire to preserve testimony; she states that she "needs to establish an accurate account of the events that took place . . . before the memories of those involved fade or become dist[or]ted by publicity." This reason is not credible, however. Ford can do this by simply filing suit today. She presented no evidence that Sheriff Franklin's testimony is in imminent danger of being lost because he is gravely ill or about to leave the country. Ford therefore wishes only to discover or uncover what happened on November 8. The simple question for the court is whether Rule 27 authorizes such relief.

> In *Business Guides v. Chromatic Communications*, 498 U.S. 533, 540, 111 S.Ct. 922, 927-28, 112 L.Ed.2d 1140 (1991), the Supreme Court stated that courts should "give the Federal Rules of Civil Procedure their plain meaning." A court's inquiry is complete if it finds "the text of the Rule to be clear and unambiguous." *Id.* at 541, 111 S.Ct. at 928. Therefore, the first and obvious place to look to determine whether Rule 27 authorizes pre-complaint discovery is the language of the rule itself.

-4-

If the language of the rule is unambiguous and dispositive and is reasonable within its context, then the court should go no further and simply should enforce the language. Here, Rule 27 meets this straightforward test.

Subsection (a)(1) of Rule 27 provides, as stated, that "A person who desires to *perpetuate* testimony regarding any matter that may be cognizable in any court of the United States may file a verified petition." (Emphasis added.) Subsection (a)(3) then provides that an order allowing examination may be entered only "If the court is satisfied that the *perpetuation* of the testimony may prevent a failure or delay of justice." (Emphasis added.) Rule 27's coverage therefore extends only to the "perpetuation" of testimony. The term "perpetuate" is defined as "to make perpetual," "preserve from extinction," or "cause to last indefinitely." Webster's Third International Dictionary, unabridged 1685 (1976); *see also* Black's Law Dictionary 1027 (5th ed. 1979) ("perpetuating testimony" is a "means . . . for *preserving* the testimony of witness, which might otherwise be lost before the trial in which it is intended to be used") (emphasis added). Here, Ford seeks to discover or uncover testimony, not to perpetuate it. She seeks pre-complaint perpetuation of it. There is nothing before the court to indicate that Sheriff Franklin's testimony is in imminent danger of being lost. Rather, Ford simply wants to know who shot Roberts and why. Rule 27 simply does not provide for such discovery.

This understanding of Rule 27 is in line with that given in case law and by legal commentators as well. In *Ash v. Cort*, 512 F.2d 909, 911 (1975), the Third Circuit Court of Appeals stated that "Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost." "Rule 27 is not a substitute for discovery. It is available in special circumstances to preserve testimony which could otherwise be lost." *Id.* at 912. The court then concluded that "The present appeal must fail . . . because appellant misperceives Rule 27 as a substitute for general discovery." *Id.* at 913. Similarly, in *Penn Mutual Life Ins. Co. v. U.S.*, 68 F.3d 1371, 1374-75 (1995), the D.C. Circuit Court of Appeals stated that Rule 27 requires "that a petitioner demonstrate an immediate need to perpetuate testimony." *Contrast In re Sims*, 389 F.2d 148 (5th Cir.1967) (holding that petition properly sought to perpetuate testimony). *See also* Fed.R.Civ.P. 27 (1937 advisory committee notes) ("This rule offers a simple method of *perpetuating* testimony") (emphasis added); *In re Boland*, 79 F.R.D. 665 (D.D.C.1978); 4 James W. Moore, et al., Moore's Federal Practice and Procedure ¶ 27.09 (2d ed. 1996); 8 Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice and Procedure § 2072 (2d ed. 1994).

*In re Ford*, 170 F.R.D. at 506-07.

No matter how liberally one might construe Tennessee Rule of Civil Procedure 27, the Petition at bar cannot fall within the scope of the legitimate purpose to be served by perpetuation of testimony.

The judgment of the trial court is reversed, and the case is remanded with instructions to dismiss the Petition.  Costs of the cause are assessed to Appellees.


_____
WILLIAM B. CAIN, JUDGE