IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-10354
Summary Calendar

IN RE: RANDAL FRANKLIN CARAWAY

Petitioner-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-MC-3

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Randal Franklin Caraway, Texas prisoner # 756105, appeals the district court's denial of his motion to perpetuate testimony pursuant to FED. R. CIV. P. 27. He argues that the district court did not provide sufficient facts and reasons to allow this court to conduct meaningful review. He argues that he was not seeking discovery; rather he was seeking to perpetuate and obtain "known testimony." Caraway argues that he has met all the requirements under Rule 27 for perpetuating testimony and that he cannot file his complaint at this time because he has not exhausted his administrative remedies.

Caraway has not shown that perpetuation of the testimony of the identified witnesses in his case is necessary to prevent testimony from being lost or to prevent a failure or delay of justice. See FED. R. CIV. P. 27(a)(3); Hibernia

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nat'l Bank v. Robinson, 67 F. App'x 241 (5th Cir. 2003); Ash v. Cort, 512 F.2d 909, 911 (3d Cir. 1975).  He has not shown that exhaustion of his administrative remedies will take an unusually long time or that there is a reasonable likelihood that these witnesses may become unavailable before he exhausts his administrative remedies.  After exhausting his administrative remedies, Caraway may file a complaint and seek discovery after the court completes its judicial screening of the case.  Therefore, Caraway has not shown that the district court abused its discretion in denying his Rule 27 motion to perpetuate testimony.  See Shore v. Acands, 644 F.2d 386, 388 (5th Cir. 1981).

AFFIRMED.