NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 11-1570

———————


IN RE:  CARL WHITEHEAD,
                                                    Appellant


———————————————————————


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-10-mc-00356)
District Judge:  Honorable Gary L. Lancaster

———————————————————————


Submitted Pursuant to Third Circuit LAR 34.1(a)
November 15, 2011

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Filed: April 23, 2012)

———————

OPINION OF THE COURT

———————


PER CURIAM.

Whitehead, a Pennsylvania prisoner, is currently serving a thirty-five to seventy

year sentence following his conviction for various crimes relating to the sexual assault of

his seven-month-old infant daughter.  Presently, he appeals the District Court's denial of

leave to file a petition to perpetuate testimony under Federal Rule of Civil Procedure 27

without prepayment of fees.  He claimed that he needed to perpetuate the testimony of

four individuals involved in his state criminal trial, two jurors and two court employees, to invalidate his conviction via a petition for a writ of habeas corpus and thereby allow him to pursue a civil rights complaint. We have jurisdiction under 28 U.S.C. § 1291. See Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir. 2001).

Whitehead has already petitioned for, and been denied, a writ of habeas corpus, and has not been authorized by this Court to file another. Whitehead v. Rozum, No. 08-259, 2008 WL 3166695 (W.D. Pa. 2008), certificate of appealability denied, No. 08-4423 (3d Cir. 2009). Accordingly, he cannot show that he "expects to be a party to an action cognizable in a United States court" as required by Rule 27(a)(1)(A). 28 U.S.C. § 2244(b)(3)(A). Even if he could, Rule 27 is not a substitute for discovery; rather, it is "available in special circumstances to preserve testimony which could otherwise be lost." Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975). Whitehead has made no attempt to demonstrate that the testimony of three of his putative witnesses was in danger of being lost; as to the fourth, he asserted only that she seemed elderly and walked with a cane. Whitehead's subjective belief that she appeared old, absent any other indication of her age, is insufficient to warrant the perpetuation of the testimony Whitehead seeks. See id., at 913; cf. Texaco, Inc. v. Borda, 383 F.2d 607 (3d Cir. 1967) (allowing perpetuation of the testimony of a witness known to be 71-years-old).

For the foregoing reasons, we agree with the District Court that Whitehead did not demonstrate that the perpetuation of that testimony would "prevent a failure or delay of

2

justice." Fed. R. Civ. P. 27(a)(3).  We affirm on that basis.[1]

---

[1] Our resolution of this case on the merits of Whitehead's Rule 27 petition avoids the need to decide whether Rule 27 petitions provide a basis to proceed *in forma pauperis*.