**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1133, 22-1644 & 22-1900 (consolidated)
_____

IN RE: PETITION OF LESLIE WILLIS TO PERPETUATE EVIDENCE PERTAINING
TO "THE TRUST FOR ANNIE PEARL (WHITE) WILLIS"


Leslie Willis,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-01833)
District Judge:  Honorable David S. Cercone

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 21, 2023

Before: SHWARTZ, BIBAS, and FREEMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 1, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Leslie Willis appeals the District Court's orders dismissing her petition to perpetuate testimony under Fed. R. Civ. P. 27, denying her motion to reopen, and denying her motion to recuse. We will affirm.

For the last decade, Willis has been challenging the administration of her grandmother's estate. She began in Pennsylvania state court, and in 2014, the Orphan's Court denied Willis's request to restrain the sale of her grandmother's real property, and in 2017, the court issued a decree of distribution. Willis then moved to federal court, where she filed, among other things, a petition to perpetuate testimony under Rule 27. More specifically, Willis asked for the production from PNC Bank of the trust document for her grandmother's trust. See W.D. Pa. Civ. No. 2-22-mc-00570, ECF No. 1-1. Willis believes that this would establish that she is the sole beneficiary of the trust, that she had title to the real property that was sold, and that the executrix for her grandmother's estate has violated her rights.

Approving and adopting a Magistrate Judge's report and recommendation, the District Court granted PNC Bank's motion to dismiss the Rule 27 petition. See ECF Nos. 153 & 178. Willis appealed; that appeal has been docketed at C.A. No. 22-1133. Willis then challenged the Magistrate Judge's refusal to recuse. The District Court overruled the objections and affirmed the denial of the motion, see ECF No. 189, and Willis appealed. That appeal has been docketed at C.A. No. 22-1644. Willis also filed a motion to vacate the order dismissing her petition. The District Court denied that motion, see ECF No. 196, and Willis appealed. That third appeal has been docketed at C.A. No. 22-

2

1900. The Clerk of this Court consolidated the three appeals. See C.A. No. 22-1133, ECF No. 29. Willis has filed numerous documents in this Court.

We agree with the District Court's orders.[1] As the District Court explained, Rule 27 is not a substitute for discovery; rather, it is "available in special circumstances to preserve testimony which could otherwise be lost." Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975); see also Qin v. Deslongchamps, 31 F.4th 576, 581 (7th Cir. 2022).[2] Willis made no showing that the trust document was in danger of being lost, and the District Court therefore did not err in dismissing the petition. Further, given that Willis amended her Rule 27 petition once and filed dozens of other supporting documents, the Court did not err in dismissing without providing further leave to amend, see generally Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir 2002), or in denying the motion to vacate.[3]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. See Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975); Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). We review for abuse of discretion the District Court's order dismissing the Rule 27 petition, see Ash, 512 F.2d at 912, and its order denying the motion to recuse, see Butt v. United Bhd. of Carpenters & Joiners of Am., 999 F.3d 882, 891 (3d Cir. 2021).

[2] The Rule itself refers only to depositions, but Courts have concluded that it also includes the inspection of documents. See Application of Deiulemar Compagnia Di Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473, 478 n.5 (4th Cir. 1999).

[3] Willis also argues that the District Court should have ordered that the marshal serve her Rule 27 petition on Dolores Willis, the executrix of the estate. While we are satisfied that we may review the orders denying these requests, see Fed. R. App. P. 3(c)(4), (6), Willis is entitled to no relief. It is not clear that Willis identified Dolores Willis as an "expected adverse party" who needed to be served under Fed. R. Civ. P. 27(a)(2). See Rule 27 Petition, ECF No. 27 at 18 & 24 (listing "adverse parties" but not including Dolores Willis). In any event, given that we agree with the District Court that the Rule 27 petition lacked merit, Willis cannot show that any error with respect to service affected her

3

Nor did the District Court err in denying Willis's motion to recuse. Under 28 U.S.C. § 455(a), recusal is required when a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). Willis argues that, because the Magistrate Judge has been involved with organizations that "support[] homosexual/same-sex gender relationships," while Willis "does not embrace homosexuality," Br. at 47–48, the Magistrate Judge was biased against her. However, a recusal motion must be based on "objective facts," not mere "possibilities" and "unsubstantiated allegations." United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989). Willis's allegations would not cause a reasonable person to believe that the Magistrate Judge was biased. See generally MacDraw, Inc. v. CIT Grp. Equip. Fin., Inc., 157 F.3d 956, 963 (2d Cir. 1998) (explaining that "it is intolerable for a litigant, without any factual basis, to suggest that a judge cannot be impartial because of his or her . . . political background").[4]

---

substantial rights. See Fed. R. Civ. P. 61 (explaining that "the court must disregard all errors and defects that do not affect any party's substantial rights"); see generally Stanciel v. Gramley, 267 F.3d 575, 580 (7th Cir. 2001).

[4] Willis complains at some length that in a prior action, the Magistrate Judge referred to her using male pronouns. See W.D. Pa. Civ. No. 2:18-cv-00290. In that case, the Magistrate Judge explained that the offending document was a form order that is entered in all in forma pauperis cases, and "[t]he Court apologize[d] for not making changes to the gender references." ECF No. 47. Nothing in this exchange would cause a reasonable person to think the Magistrate Judge was biased.

4

Accordingly, we will affirm the District Court's judgments.[5]

---

[5] The parties have filed several motions in this Court. The appellees' motion to file a supplemental appendix is granted. We also grant Willis's requests to file oversized opening and reply briefs and her motion for an extension of time to file a reply brief, and we have considered her reply brief as filed. Willis also filed a motion to correct the District Court's "omission" in failing to rule on one of her requests, see 3d Cir. ECF No. 9, but because the District Court has since done so, see ECF No. 189, that motion is denied. All of Willis's other requests for relief also are denied.