ALD-105                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-2048 & 22-2049 (Cons.)
_____

In re:  PETITION OF LESLIE WILLIS TO PERPETUATE FROM DOLORES WILLIS
EVIDENCE (TRUST DOCUMENTS) PERTAINING TO "The Trust for Annie Pearl
(White) Willis"

&

In re:  SECOND PETITION OF LESLIE WILLIS TO PERPETUATE FROM
DOLORES WILLIS EVIDENCE (TRUST DOCUMENTS) PERTAINING TO "The
Trust for Annie Pearl (White) Willis"

Leslie Willis,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2-22-mc-00570 & 2-22-mc-00588)
District Judge:  Honorable David S. Cercone

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 16, 2023
Before: HARDIMAN, RESTREPO, and BIBAS Circuit Judges

(Opinion filed: April 6, 2023)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Leslie Willis appeals the District Court's orders dismissing her petitions to perpetuate testimony under Fed. R. Civ. P. 27 and denying her motion to recuse. Because these consolidated appeals present no substantial question, we will summarily affirm the District Court's judgments. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.[1]

Primarily at issue here are two petitions to "perpetuate testimony" under Fed. R. Civ. P. 27, which permits a party to secure evidence before a case is filed in certain limited circumstances. In the first petition, Willis asked for the production from a trustee of a trust document and a beneficiary designation for her grandmother's trust. See W.D. Pa. Civ. No. 2-22-mc-00570, ECF No. 1-1. The District Court dismissed the petition on the grounds that it had recently dismissed a similar petition in No. 2:20-cv-01833 and the petition presented no colorable claim. See ECF No. 3.

The day after the District Court entered that order, Willis filed another, nearly identical petition, again seeking the same trust information from the trustee. See W.D. Pa. Civ. No. 2-22-mc-00588, ECF No. 1-1. The District Court denied this petition as well, stressing that Willis's petition was duplicative of past petitions and did not meet the

---

[1] We have jurisdiction under 28 U.S.C. § 1291. See Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975). We review the District Court's orders for abuse of discretion. See id.; Butt v. United Bhd. of Carpenters & Joiners of Am., 999 F.3d 882, 891 (3d Cir. 2021).

2

requirements of Rule 27. See ECF No. 4. The Court also denied Willis's motion to recuse. Willis appealed the orders in both cases, and the two appeals were consolidated.

We have recently affirmed the denial of another Rule 27 petition in which Willis sought these same documents. See In re Willis, No. 22-1133, 2023 WL 2300655 (3d Cir. Mar. 1, 2023) (per curiam). As we explained in that opinion, Rule 27 is not a substitute for discovery and instead is "available in special circumstances to preserve testimony which could otherwise be lost." Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975). These consolidated appeals suffer from the same shortcoming we identified in Willis's prior appeal: because "Willis made no showing that the trust document was in danger of being lost," the District Court did not err in dismissing the petitions. In re Willis, 2023 WL 2300655, at *1.[2]

Accordingly, we will summarily affirm the District Court's judgments.[3]

---

[2] Willis also sought the recusal of the District Judge. However, the District Court did not err in denying that motion because no "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004). Rather, Willis made unsupported allegations of the type we rejected in her prior appeal. See In re Willis, 2023 WL 2300655, at *2 (stressing that "a recusal motion must be based on objective facts, not mere possibilities and unsubstantiated allegations" (quotation marks omitted)).

[3] Willis has filed a variety of documents in this Court. Her motion to proceed on the original record and to be relieved of filing paper copies is granted. To the extent she has requested any other relief, it is denied.