**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**JUNE 6, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Petition of the BENTON COUNTY WATER CONSERVANCY BOARD to Perpetuate Testimony. | ) ) ) ) ) | No. 38825-5-III (consolidated with No. 38874-3-III) |
| | ) | |
| BENTON COUNTY WATER CONSERVANCY BOARD, | ) ) ) | |
| Respondent, | ) ) | PUBLISHED OPINION |
| v. | ) ) | |
| WASHINGTON STATE DEPARTMENT OF ECOLOGY, | ) ) ) | |
| Petitioner. | ) ) | |

PENNELL, J. — CR 27 authorizes presuit depositions in limited circumstances in order to perpetuate witness testimony. Few Washington cases have interpreted this rule. But analogous federal authority requires a preliminary showing of an anticipated witness's unavailability before a perpetuation deposition may occur. We find the federal authorities persuasive. CR 27 is not a general discovery device. Rather, the rule is limited to circumstances where a petitioner can show a need to preserve witness testimony due to a risk of future unavailability. Here, there has been no such showing. The superior court orders granting CR 27 depositions are therefore reversed.

Nos. 38825-5-III; 38874-3-III
*In re Benton County Water Conservancy Bd.*

FACTS

Frank Tiegs, LLC purchased water rights from Plymouth Farms and filed a water right change/transfer application with the Benton County Water Conservancy Board. In June 2021, members of the Board met with the Department of Ecology to discuss the Tiegs application and whether the change was permitted under the Family Farm Water Act (FFWA), chapter 90.66 RCW. The meeting included four Ecology employees and, according to the Board, the employees affirmed the Board's ability to approve the transfer. Contrary to what was allegedly represented at the meeting, Ecology subsequently published a document stating the FFWA prohibited such transfers.

Concerned about Ecology's perceived change in position, the Board filed CR 27 petitions in Yakima County Superior Court to perpetuate the testimony of the Ecology employees who attended the June meeting. The Board argued it expected to be a party in two different cognizable lawsuits, one based on Ecology's presumed future denial of the Tiegs change/transfer application and another based on Ecology's published document, which the Board claimed constituted illegal rulemaking. The Board did not argue or proffer any specific information suggesting the Ecology employees would not be available for testimony in any future litigation.

2

Nos. 38825-5-III; 38874-3-III
*In re Benton County Water Conservancy Bd.*

The superior court held a hearing on the petitions and considered argument from counsel. The Board's attorney emphasized that nine months had passed since the June meeting and "[m]emories [were] fading." Rep. of Proc. (RP) (Mar. 4, 2022) at 10. The Board also relied heavily on *In re Fitzgerald*, 16 Fed R. Serv. 2d 1052, 1972 WL 123064 (D.D.C. 1972), asserting that the federal district court in that case granted a petition to perpetuate testimony in order to gather information for the record during an administrative proceeding.

The superior court judge here ruled in favor of the Board, commenting:

> I think what the board is asking for makes sense because—first of all, I don't care how old these witnesses are, you never know for sure that witnesses are going to be around for future litigation, whether they die, whether they move out of state and you can't get ahold of them.
> This is clearly going to be litigated one way or the other. These parties would be deposed one way or the other. [Ecology's counsel] seems to admit that. And so it makes sense to just go ahead and get it done.
> And maybe it ultimately makes no difference, but on the other hand it does guarantee these witnesses—the testimony of these witnesses will be preserved, and also it does at least create the possibility that this case may be resolved short of further litigation.

RP (Mar. 4, 2022) at 22-23.

The court subsequently entered written orders granting leave for the requested depositions. We accepted discretionary review and stayed enforcement of the orders pending review.

Nos. 38825-5-III; 38874-3-III
*In re Benton County Water Conservancy Bd.*

ANALYSIS

CR 27 provides superior courts with limited authority to order presuit depositions

of witnesses. Few Washington cases have interpreted this rule. However, CR 27 parallels

Fed. R. Civ. P. 27.[1] Thus, we are guided by federal case law in assessing the meaning of

the rule. *See Beal v. City of Seattle,* 134 Wn.2d 769, 777, 954 P.2d 237 (1998).

---

[1] Fed. R. Civ. P. 27 provides, in pertinent part:

**(a) Before an Action Is Filed.**
   **(1) *Petition.*** A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
      **(A)** that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
      **(B)** the subject matter of the expected action and the petitioner's interest;
      **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
      **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
      **(E)** the name, address, and expected substance of the testimony of each deponent.
      . . . .
   **(3) *Order and Examination.*** If satisfied that perpetuating the testimony may prevent a failure or delay of justice, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories.

4

Nos. 38825-5-III; 38874-3-III
*In re Benton County Water Conservancy Bd.*

*Standard of review*

Washington courts have yet to identify the standard of review applicable to CR 27 decisions. Federal appellate courts consistently review district court rulings on Fed. R. Civ. P. 27 petitions for an abuse of discretion. *See, e.g.*, *Qin v. Deslongchamps*, 31 F.4th 576, 580-81 (7th Cir. 2022); *Shore v. Acands, Inc.,* 644 F.2d 386, 388 (5th Cir. 1981); *Ash v. Cort*, 512 F.2d 909, 912 (3d Cir. 1975). The parties agree this standard should apply to our appellate courts. We concur; no other review standard is apt in these circumstances. We therefore review the superior court's decision for abuse of discretion.

A court abuses its discretion when its decision is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006). A trial court necessarily abuses its discretion if it misapplies the law. *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). "Reliance upon 'speculation and conjecture' with disregard of the evidence also constitutes an abuse of discretion." *In re Pers. Restraint of Dyer*, 164 Wn.2d 274, 286, 189 P.3d 759 (2008) (quoting *In re Pers. Restraint of Dyer*, 157 Wn.2d 358, 369, 139 P.3d 320 (2006)).

Nos. 38825-5-III; 38874-3-III
*In re Benton County Water Conservancy Bd.*


*CR 27 and the requirement of unavailability*

A preliminary question is whether a petitioner must first show a witness will be unavailable in order to secure an order for a presuit deposition under CR 27.

Under federal law, the answer is undoubtedly "yes." *See Quin*, 31 F.4th at 581 ("Rule 27 provides only for the perpetuation of testimony that is at risk of becoming unavailable."); *Ash*, 512 F.2d at 911 ("Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost."); *In re Pet. of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) (A petitioner "must make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost, concealed or destroyed."); *In re Storck*, 179 F.R.D. 57, 58 (D. Mass. 1998) ("Rule 27 still has as its underlying purpose the preservation of evidence which would be unavailable otherwise.").

The federal courts derive the unavailability requirement from Fed. R. Civ. P. 27's repeated use of the word "perpetuate." *See, e.g.*, *In re Pet. of Ford*, 170 F.R.D. 504, 506-07 (M.D. Ala. 1997). To perpetuate is to preserve or make last. WEBSTER'S THIRD NEW INT'L DICTIONARY 1685 (1986) (defining "perpetuate" as "preserve from extinction" or "cause to last indefinitely"). Thus, the federal courts hold that the rule "is not a substitute

6

Nos. 38825-5-III; 38874-3-III
*In re Benton County Water Conservancy Bd.*

for discovery." *Ash*, 512 F.2d at 912. "It is available in special circumstances to preserve testimony which could otherwise be lost." *Id.*

Like its federal counterpart, Washington's CR 27 also makes repeated use of the word "perpetuate." To be able to obtain a presuit deposition, a petitioner must articulate a desire to "perpetuate" testimony. CR 27(a)(1). And the superior court may not order a presuit deposition unless it "is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice." CR 27(a)(3). Given the similarity to the federal rule, secondary source materials in Washington recognize the necessity of showing unavailability under CR 27. *See* 3A Elizabeth A. Turner, WASHINGTON PRACTICE: RULES PRACTICE CR 27 cmt. 4 at 766 (7th ed. 2021) ("To obtain an order allowing a deposition under CR 27, the moving party must also demonstrate that there is a significant likelihood that the deponent will be unavailable for trial.").

The similarities between the state and federal rules are compelling. We therefore hold that, like its federal counterpart, Washington requires a petitioner seeking a CR 27 deposition to make a preliminary showing of a risk of unavailability.

The Board urges us to take a broader view of CR 27, citing to *Fitzgerald*, an unpublished decision from the United States District Court for the District of Columbia.

7

Nos. 38825-5-III; 38874-3-III
*In re Benton County Water Conservancy Bd.*

*Fitzgerald* has not been widely cited and is of questionable value. Regardless of *Fitzgerald*'s persuasive authority, it is dissimilar to the case here.

In *Fitzgerald*, the petitioner sought depositions for an anticipated suit for judicial review of a decision by the United States Civil Service Commission. The administrative procedures governing the civil service decision did not allow for compulsory process of witnesses. The district court judge reasoned that this was an unusual circumstance, warranting the court to employ its "equity powers" to "order a deposition." *Fitzgerald*, 1972 WL 123064 at *1. Here, the Board makes no claim that it will become a part of proceedings that do not allow for depositions or compulsory process. *Fitzgerald* is therefore distinguishable and unpersuasive.

*The Board has not shown unavailability*

A witness who is at risk of unavailability is typically one who "is aged or seriously ill, might flee, or who may become unavailable by reason of relocation or other geographic constraints before a suit can be filed." *Quin*, 31 F.4th at 581. The Board has neither argued, nor demonstrated, that any such circumstances are at issue here. There is no evidence any of the Ecology witnesses pose a specific risk of unavailability. The record is silent as to their age, health, and future life plans. Thus, the Board has not met its burden of establishing a need to perpetuate witness testimony under CR 27.

8

Nos. 38825-5-III; 38874-3-III
*In re Benton County Water Conservancy Bd.*

In ruling in the Board's favor, the trial court theorized that Ecology's witnesses might not be available because they could die or move away from the area. But these concerns amount to nothing more than speculation and conjecture. The general observation alone that a witness *might* not be available for trial (a truism for all mortal witnesses) is insufficient to justify a perpetuation deposition under CR 27. *Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1375 (D.C. Cir. 1995). Without specific facts supporting a finding of unavailability, the superior court lacked discretion to order CR 27 depositions.

## CONCLUSION

CR 27 does not authorize presuit depositions as a matter of course. The Board has not established a risk that the Ecology witnesses will not be available for testimony at a future trial. The orders authorizing CR 27 depositions are therefore reversed.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Siddoway, J.

9