**\*AMENDED HLD-016**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2096
_____

IN RE: CALEB L. MCGILLVARY,
                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2:21-cv-17121)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 17, 2025

Before: CHAGARES, <u>Chief Judge</u>, HARDIMAN, and PORTER, <u>Circuit Judges</u>

(Opinion filed September 9, 2025)
_____

OPINION[*]
_____

PER CURIAM

     Caleb McGillvary, a New Jersey state prisoner proceeding pro se, has filed a petition for a writ of mandamus. He requests relief related to a petition to perpetuate testimony, under Rule 27 of the Federal Rules of Civil Procedure, that he attempted to file in the District Court. We will deny the petition.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2021, McGillvary commenced a civil rights action in the District Court, alleging a wide-ranging conspiracy among various individuals involved in the criminal case that led to his conviction for first-degree murder. In March 2023, he filed a Rule 27 petition to perpetuate the testimony of Defendant James Galfy. The District Court docketed the filing in McGillvary's civil rights action and denied the request, without prejudice, in October 2023.

McGillvary maintains that, in November 2023, he mailed the District Court another Rule 27 petition to perpetuate the testimony of Galfy and three other individuals. McGillvary has provided copies of that mailing, which did not list the case caption for the 2021 civil rights action he had filed in the District Court. In his mandamus petition, McGillvary requests that the District Court be directed to file his Rule 27 petition.[1]

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner "must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (cleaned up). Here, McGillvary has not established his entitlement to such extraordinary relief. See generally In re Fine Paper

---

[1] Rule 27 is "available in special circumstances to preserve testimony which could otherwise be lost." Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975); see also Qin v. Deslongchamps, 31 F.4th 576, 581 (7th Cir. 2022) (explaining that, in certain cases, "Rule 27 allows for a particular and narrow form of inquiry to take place before a suit is filed").

Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) (explaining that, in general, a court's

management of its docket is discretionary). He did not attempt to resolve the docketing

issue with the District Court Clerk's Office or through the District Court before he filed

his mandamus petition here. Thus, at this time, we cannot say that he has a "clear and

indisputable" right to the issuance of the writ, that he has "no other adequate means to

obtain the desired relief," or that extraordinary circumstances are present. Hollingsworth,

558 U.S. at 190.

Accordingly, we will deny the mandamus petition without prejudice to refiling if

McGillvary is unable to resolve the alleged docketing issues in the District Court without

undue delay.[2]

---

[2] McGillvary's pending motions are all denied. In light of our disposition, the
Respondents' motion to file a response brief is denied as unnecessary. To the extent the
Respondents have requested that this Court impose a filing restriction or other sanctions,
the request is denied without prejudice to refiling if McGillvary continues to bring
repetitive and/or meritless challenges related to the proceedings in the District Court. We
caution McGillvary that he could face the imposition of filing restrictions or other
sanctions, including monetary penalties, in this Court if he continues to bring such
challenges.